# EXHIBIT "B"

{EXHIBIT A: }

## ASSIGNMENT

**Assignor:** Avmed, Inc., a Florida corporation, d/b/a Avmed Health Plans and AvMed Medicare, on behalf of itself and any and all of its subsidiaries, affiliates, or related entities or health plans, who have contracted with CMS to provide healthcare services (CMS Contract Number H1016) ("Assignor")

Address of Assignor: 4300 NW 89TH Blvd, Gainesville, FL 32606

**Assignee:** Series 17-03-615, a designated series of MSP Recovery Claims, Series LLC, a Delaware series limited liability company, together with its affiliates, successors and assigns ("MSP Recovery"), with its principal business address at 2701 S. LeJeune Road, 10th Floor, Coral Gables, FL 33134.

Assignor is a Medicare Advantage Organization as defined in 42 C.F.R. § 422.2 and is duly authorized by state or federal law and by and through Medicare Advantage *CMS Contract ID number H1016*, entered into with the Centers for Medicare and Medicaid Services, including all exhibits, attachments, addenda and amendments thereto, which contract is in full force and effect, to pay for, provide or arrange for the provision of medical and health care services or supplies including medications, treatment or other procedures ("health care services") to persons covered under Medicare.

B.  With respect to claims arising from and relating to the data that Assignor has transferred to MSP Recovery pursuant to that certain Evaluation Agreement effective November 12, 2018, Assignor has or may in the future have certain legal and equitable rights to seek reimbursement and/or any other type of recovery whatsoever, recover payments or seek equitable relief and/or seek damages from primary payers and any other party or entity that may be responsible to Assignor whether designated as a primary payer or otherwise, including but not limited to "Responsible Parties,"[1] as a result of such parties' failure to pay for health care services provided to any of Assignor's members or enrollees under CMS Contract ID Number H1016 or a s a result of the "Responsible Parties" liability under any theory of equitable or legal relief whereby Assignor may seek monetary or equitable relief with respect to health care services provided to any of Assignor's members or enrollees under CMS Contract ID Number H1016. Assignor's legal and equitable rights to seek reimbursement, recover payments and/or seek damages, as described above, arise from state and/or federal laws, including any subrogation recovery rights inuring to the benefit of Assignor and/or health plan members arising from any evidences of coverage or other rights based on common law, statutory rights or administrative remedies or any other rights whatsoever, that provide for the reimbursement by third parties of, including but not limited to, (i) conditional payments or any payments made of whatever nature made by Assignor, whether under Parts A, B and D of the Medicare Act, including pursuant to a Medicare Advantage Plan, and (ii) all outstanding liens, potential liens, lien rights and subrogation recovery rights in favor of Assignor against recoveries by enrollees, including in any litigation, such as but not limited to mass tort actions, class actions and multi-district litigation for which a primary payer has demonstrated

---

[1] "Responsible Party" means an insurance carrier, employer, or other Person which may be liable to reimburse Medicare under Applicable Law, including but not limited to the secondary payer provisions of the Medicare statute, 42 U.S.C. § 1395y(b), 42 C.F.R. § 411.20 et seq., the Medicare Advantage statute, 42 U.S.C. § 1395w-22(a)(4), 42 C.F.R. § 422.108, or under any other theories of law or causes of action, for the provision of healthcare, services or supplies that have been conditionally paid for by Medicare.

responsibility, or to which it is otherwise entitled to collect pursuant to any state of federal law regardless of whether the claims asserted are pursued against a primary payer or any person or entity whatsoever whether designated as a primary payer or otherwise (collectively, "**Claims**").

C. MSP Recovery, through its affiliates and service providers (including MSP Recovery, LLC), has expertise in analyzing health care claims data and identifying potential Claims (including primary payers related thereto) and pursuing Claims recoveries.

D. Assignor wishes to assign to MSP Recovery all right, title, interest in and ownership of the Assigned Claims, as defined herein, and causes of action to enable MSP Recovery to identify and pursue certain of the Claims.

NOW THEREFORE, in consideration of the recitals stated herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor irrevocably assigns, transfers, conveys, sets over and delivers to MSP Recovery, and any of its designated series, successors and assigns, any and all of Assignor's right, title, ownership and interest in and to (i) all Claims existing on the date hereof, whether based in contract, tort or statutory right, and all related recovery rights arising from and related to the claims data transferred to MSP Recovery (or its affiliates or service providers, including MSP Recovery, LLC), and (ii) any and all causes of action, claims and demands of any nature whatsoever relating to payments for health care services provided to Assignor's members and enrollees, and legal or equitable rights (including, but not limited to, subrogation) to pursue and/or recover monies related to the Claims that Assignor had, may have had, or has asserted against any party in connection with the Claims; and (iii) all causes of action, claims, rights and demands of any nature whatsoever, legal or equitable, against primary payers, Responsible Parties and/or third parties that may be liable to Assignor arising from or relating to the Claims, including claims under consumer protection statutes and laws (all of the claims set forth in (i)-(iii), the "**Assigned Claims**"). The Assigned Claims exclude: (i) any of Assignor's right to recover, under any theory, against its network healthcare providers and current and former members, and (ii) Claims belonging to Assignor arising from and related to the GlaxoSmithKline's manufacturing facility in Cidra, Puerto Rico, i.e., the "GSK Cidra matter". The assignment of the Assigned Claims set forth herein is irrevocable and absolute.

IN WITNESS WHEREOF, this Assignment has been executed, and shall become effective, as of the date set forth below.

**ASSIGNOR**
**Avmed, Inc., a Florida corporation**
**dba Avmed Health Plans**

Sign: *[signature]*
Print: Steven Ziegler
Title: General Counsel
Date: 8/16/19